# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

| | |
|---|---|
| WALTER OSWALDO GARCIA GARCIA<br>3559 55th Avenue, Apartment No. 9<br>Hyattsville, Maryland 20784<br><br>*Plaintiff*,<br><br>    v.<br><br>BHAV GOSAL, INC. D/B/A<br>CHAMPAGNE LIQUORS<br>5611 Landover Road<br>Hyattsville, Maryland 20784<br><br>SERVE: HARJINDER SINGH<br>            14521 Bentley Park Drive<br>            Burtonsville, Maryland 20866<br><br>RAI FAMILY, INC.<br>14521 Bentley Park Drive<br>Burtonsville, Maryland 20866<br><br>SERVE: SURINDER RAI<br>            14521 Bentley Park Drive<br>            Burtonsville, Maryland 20866<br><br>HARJINDER SINGH<br>14521 Bentley Park Drive<br>Burtonsville, Maryland 20866<br><br>SURINDER RAI<br>14521 Bentley Park Drive<br>Burtonsville, Maryland 20866<br><br>    *Defendants*. | Civil Action No.: 22-101 |

**COMPLAINT**

Plaintiff, Walter Oswaldo Garcia Garcia ("Plaintiff") brings this action against Defendants, Bhav Gosal, Inc. d/b/a Champagne Liquors ("BGI"), Rai Family, Inc. ("RFI"), Harjinder Singh

("Singh") and Surinder Rai ("Rai"), for violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

In support, Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff is an adult resident of Prince George's County, Maryland and was employed by Defendants from approximately July or August 2021 to December 30, 2021, when he was terminated. At all times relevant to the Complaint, Plaintiff performed duties related to the sale of beer, wine and liquor and other items at two of Defendants' establishments, Galaxy Liquor and Crab House, 7421 Landover Road, Landover, Maryland 20785 and Champagne Liquors, 5611 Landover Road, Hyattsville, Maryland 20784.

2. BGI is a corporation organized under the laws of the State of Maryland and it owns and operates Champagne Liquors. According to the Maryland Department of Assessments and Taxation website, Singh is an owner of BGI. And according to the same website, the corporate headquarters of BGI is 14521 Bentley Park Drive, Burtonsville, Maryland 20866. BGI's corporate headquarters is a residential property owned by Singh and Rai, as joint tenants with a right of survivorship.

3. RFI is a corporation organized under the laws of the State of Maryland and it owns and operates Galaxy Liquors (a/k/a Galaxy Liquor and Crab House). According to the Maryland Department of Assessments and Taxation website, Rai is an owner of RFI. On information and belief, Singh is also part owner of RFI. According to the same website, the corporate headquarters

of RFI is also 14521 Bentley Park Drive, Burtonsville, Maryland 20866, which is a residence jointly owned by Singh and Rai.

4. Singh is an employer of Plaintiff within the meaning of the FLSA, MWHL and the MWPCL because she is an owner, officer and director of BGI, who is significantly involved in BGI's business operations. Specifically, (1) she is responsible for creating and enforcing, BGI's and RFI's policies and procedures governing employee pay, compensation and benefits and overtime pay, (2) she controls the corporate funds of BGI and RFI which were used to pay Plaintiff and other employees and could and did allocate funds as profits, (3) she set and approved the hourly rate for Plaintiff and the method by which his pay was computed (straight time pay for overtime hours) and she acted with knowledge of or approved the unlawful pay practices of paying straight time wages for overtime hours, (4) she had authority to hire, fire and discipline Plaintiff and did in fact hire him and terminate him, (5) she supervised Plaintiff while he worked at both Galaxy Liquors and Champagne Liquors by setting his schedule, assigning him to work at one store or another, setting his hours of work and supervising him in the performance of his work; (6) she made or approved the decision to engage in the illegal pay practices that are the subject of this law suit in order to make BGI and RFI more profitable, and (7) she maintained Plaintiff's employment records at the corporate offices which are located in her home.

5. Rai is an owner, officer and director of RFI. Rai is an employer of Plaintiff within the meaning of the FLSA, MWHL and the MWPCL because he is an owner, officer and director of RFI, who is significantly involved in FRI's business operations. Specifically, (1) he is responsible for creating and enforcing, RFI's policies and procedures governing employee pay, compensation and benefits, (2) he controls the corporate funds of RFI which were used to pay Plaintiff and other employees and could and did allocate funds as profits, (3) he approved the hourly rate for Plaintiff

and the method which he was paid (straight time pay for overtime hours) and he acted with knowledge of or approved the unlawful pay practices of paying straight time wages for overtime hours, (4) he had authority to hire, fire and discipline Plaintiff, (5) he made or approved the decision to engage in the illegal pay practices that are the subject of this law suit in order to make RFI more profitable, and (6) he maintained Plaintiff's employment records at the corporate offices which are located in his home.

6. Additionally, BGI and RFI together constitute a single statutory employer under the FLSA, the MWHL and the MWPCL. This is because BGI and RFI have an interrelation of operations, centralized control of labor relations, common management, and common ownership and financial control. For example, Singh is an officer and owner of both BGI and RFI and is significantly involved in the operations of both companies.

7. BGI and RFI also jointly employ the Plaintiff under the joint employer doctrine because: (1) formally or as a matter of practice, both jointly determine, share, or allocate the power to direct, control, or supervise Plaintiff, by direct or indirect means; (2) formally or as a matter of practice, both jointly determine, share, or allocate the power to—directly or indirectly—hire or fire Plaintiff or modify the terms or conditions of his employment; (3) Plaintiff was not hired as a temporary employee; (4) through shared management or a direct or indirect ownership interest, both are under the same common control and ownership; (5) the work Plaintiff performed is on a premises owned or controlled by both; and (6) formally or as a matter of practice, both jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll, setting the employee's schedule and hours, supervising him, or providing the facilities, equipment, tools, or materials necessary for him to complete the work.

8. For the first few weeks of his employment with Defendants, Singh assigned Plaintiff to work at the Galaxy Liquor location. She supervised him at that location and spent substantial time on the premises; she set his schedule and work hours and set his pay rate; and she signed and delivered to Plaintiff checks from RFI's corporate account. After a couple of months, Singh assigned Plaintiff to work at the Champagne Liquors location; she supervised him at that location where she spent substantial time on the premises; and she signed and delivered pay checks to him which were drawn on BGI's corporate account and which did not include the required overtime premium.

9. BGI alone constitutes an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as BGI had: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

10. FRI alone constitutes an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as FRI had: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

11. Alternatively, BGI and FRI together constitute a single "Enterprise" within the meaning of 29 U.S.C. § 203 (r)(1), for the same reasons. As alleged in ¶ 7, they: (1) perform related activities; (2) through unified operations and common control of Defendants Singh and Rai; and

(3) for a common business purpose. BGI and FRI together constitute an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as they together have: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## JURISDICTION

12. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367.

13. This Court has *in personam* jurisdiction over Defendants because they conduct business in the State of Maryland (in Prince George's County) and because all of the events giving rise to these claims occurred in Prince George's County, Maryland.

## STATEMENT OF FACTS

14. While employed by Defendants, Plaintiff performed rudimentary duties related to the sale of beer, wine and liquor and other items at two retail outlets owned and controlled by Defendants: Galaxy Liquor and Champagne Liquors. Plaintiff's employment with Defendants began in or around July or August 2021 and ended on or about December 30, 2021 when he was terminated. During the first part of his employment with Defendants (the first couple of months), Singh assigned Plaintiff to work at the Galaxy Liquor location in Hyattsville. Singh hired Plaintiff, set his salary, set his schedule, supervised him and issued and signed his paychecks at both locations. Singh told Plaintiff he would be paid $13.00 per hour. Singh also set Plaintiff's work

schedule at the Galaxy Liquor location, which was Tuesday through Sunday (with Monday off), from 1:00 p.m. in the afternoon to midnight with no lunch or dinner break (66 hours per work week). After a couple of months, Singh transferred Plaintiff to the Champagne Liquors location. However, she kept his pay rate, pay method, work hours and schedule the same. On occasion, Singh would change Plaintiff's schedule so that he would work on Tuesday and have a different day off. On some occasions, at the direction of Singh, Plaintiff would work additional hours beyond 66 hours in a work week.

15.     While working at both locations, Defendants paid Plaintiff straight time wages for all of his hours and failed to pay him an overtime premium for his overtime hours. This policy and practice was created, carried out and enforced by Singh and the other Defendants.

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

16.     Plaintiff repeats and incorporate by reference all allegations of fact set forth above.

17.     At all times relevant to this Complaint, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

18.     At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

19.     Defendants violated the FLSA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for each hour over 40 that he worked in a work week and failing to pay him anything at all for some hours of work.

20. Defendants' actions were not undertaken in good faith and/or with a reasonable belief that they were lawful, entitling Plaintiff to liquidated damages equivalent to the unpaid overtime.

21. Plaintiff is not able to calculate his damages because he is not in possession of his time records or his payroll records or paychecks.

22. Defendants are liable to Plaintiff under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld straight time and overtime time wages and an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. § 3-420

23. Plaintiff repeats and incorporate by reference all allegations of fact set forth above.

24. At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the MWHL.

25. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWHL.

26. Defendants violated the MWHL by failing to pay Plaintiff at one and one-half times his regular hourly rate for each hour over 40 that they worked in a work week and failing to pay Plaintiff anything at all for some of his hours of work.

27. Defendants did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiff to liquidated damages.

28. Plaintiff is not able to calculate his damages because he is not in possession of his time records, payroll records or paychecks.

29. As a result, Defendants are liable to Plaintiff pursuant to the MWHL for his unpaid and illegally withheld straight time and overtime wages and an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT III
## VIOLATIONS OF THE MWPCL
## Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-507.2

30. Plaintiff repeats and incorporates by reference all allegations set forth above.

31. Defendants knowingly, willfully and intentionally violated Plaintiff's rights, under the MWPCL by failing to pay Plaintiff all of their overtime wages under the MWHL and failing to pay them anything at all for some hours of work.

32. Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

33. Plaintiff is not able to calculate his damages because he is not in possession of his time records, payroll records or paychecks.

34. Defendants are liable to Plaintiff pursuant to the MWPCL for the aforementioned wages, an additional amount equal to double the unpaid overtime wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant them the following relief:

a) enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff in the amount of Plaintiff's unpaid and illegally withheld wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime and an equal sum as liquidated damages;

c) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld wages and liquidated damages equal to twice the amount of the unpaid wages; and

d) award Plaintiff his litigation costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2.

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy, MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiff*