IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

WALTER OSWALDO GARCIA GARCIA    *

       Plaintiff    *

       v.    *    Civil Case No. 8:22-cv-00101-PX

BHAV GOSAL, INC. T/A    *
CHAMPAGNE LIQUORS, et al.

       Defendants    *

## REPORT AND RECOMMENDATION

This is a dispute over unpaid wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Pending before the Court is a Joint Motion for Approval of Settlement ("Joint Motion") between the parties pursuant to 29 U.S.C. § 216. For the reasons discussed below, I recommend that the Joint Motion be granted and the case be dismissed.

## BACKGROUND

The parties allege that Plaintiff Walter Oswaldo Garcia Garcia ("Plaintiff" or "Mr. Garcia") provided services to Defendants Bhav Ghosal, Inc. t/a Champagne Liquors, RAI Family, Inc. t/a Galaxy Liquors, Harjinder Singh, Surinder Rai, and Pardeep Kaur ("Defendants") for approximately fifteen weeks in 2021. ECF No. 17-1, at 2. Plaintiff alleges that despite working overtime for Defendants, he did not receive commensurate wages for his work during this time period. *Id.* at 1. As a result, Plaintiff sought compensatory damages, attorneys' fees, interest, costs and any and all other relief deemed appropriate by the Court pursuant to the Fair Labor Standards

1

Act ("FLSA"), 29 U.S.C. § 201, *et seq.*[1] ECF No. 1, at 10. Although Plaintiff initially sought compensation for twenty-six weeks of overtime worked, after the exchange of informal discovery, Plaintiff revised his request to the fifteen weeks discussed. ECF No. 17-1, at 2.

Defendants, for their part, allege that the individual, non-corporate Defendants did not employ Plaintiff and that Plaintiff received all compensation due him under the FLSA. ECF No. 17-2, at 1. Specifically, regarding the latter, Defendants dispute the number of hours that Plaintiff worked; the amount of wages they paid Plaintiff; and whether Defendants had a good faith basis for paying Plaintiff the amounts they paid. ECF No. 17-1, at 4.

Following exchange of facts and details between the parties, as well as mediation before U.S. Magistrate Judge Timothy Sullivan, counsel for the parties filed the Joint Motion on July 29, 2022. The case was referred to my chambers for a Report and Recommendation on September 30, 2022.

## STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts should approve settlements that "reflect[] a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In making such a determination, courts in the Fourth Circuit "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.*, at *3 (citing *Hoffman v. First Student,*

---

[1] Plaintiff also sought relief under the Maryland Wage Payment and Collection Law, and the Maryland Wage and Hour Law. However, court approval is not required for settlement of these claims. *See Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404 (D. Md. 2014) (evaluating only settlement of the FLSA claim, although the plaintiff had sought relief under the Maryland statutes, as well).

*Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D. Md. 2010)). Those considerations include ensuring there is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," and evaluation of the following: (1) whether there are FLSA issues actually in dispute; (2) the fairness and reasonableness of the settlement in light of the relevant factors; and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me*, *LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011)). Evaluation of the aforementioned follows, with discussion of the relevant facts, below.

## DISCUSSION

The parties have asked the Court to approve their proposed Settlement Agreement and dismiss this case. I recommend that the Court find that approval is proper as the Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties. In addition, the Settlement Agreement contains an award of attorneys' fees that I recommend the Court find reasonable.

### A. There is a *Bona Fide* Dispute Between the Parties.

To determine whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, the Court should "examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *See Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 408 (D. Md. 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16-17).

In their Joint Motion, the parties highlight the FLSA issues that constitute a *bona fide* dispute. To begin, Defendants reject Plaintiff's claim that he worked the number of hours of

overtime that he claims he did. ECF No. 17-1, at 4. Additionally, Defendants dispute that each of them constituted "employers" of the Plaintiff, and thus, contest whether they could be held liable. *Id*. These disagreements constitute *bona fide* disputes. *See Duprey*, 30 F.Supp.3d at 408-409 (finding the existence of a *bona fide* dispute where the parties disputed each of these matters). In addition, the parties disagree as to what monetary amount Plaintiff would be owed if Defendants were found liable. Although Plaintiff initially alleged that he was entitled to overtime for approximately twenty-six weeks, Defendants disputed this point, arguing that Plaintiff only worked for them for fifteen weeks. *See id.* at 409 (finding a *bona fide* dispute where the limited informal discovery revealed a disagreement between the parties as to the amount of potential damages).

As a result, I recommend that the Court find that a *bona fide* dispute exists between the parties under the FLSA.

**B. The Settlement Agreement is Fair and Reasonable.**

Next, in assessing whether the settlement is fair and reasonable, the Court should evaluate the following six factors: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of settlement in relation to potential recovery.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

To begin, the parties have engaged in discovery including the exchange of facts and details related to the payments Defendants made to Plaintiff and the number of hours that Plaintiff worked. ECF No. 17-1, at 4. Through this process, both parties have been privy to documents in possession

of the other to credit and discredit Plaintiff's claims while avoiding expenses, resources, and time that accompany a prolonged discovery process. *See Galizia v. Ricos Enterprises, Inc.*, No. DKC 21-2592, 2022 WL 374511, at *2 (D. Md. Feb. 8, 2022) (finding a fair and reasonable settlement where the parties exchanged discovery and then determined further litigation would have consumed resources); *Reitzig v. Concepts to Operations, Inc.*, No. DKC 16-1271, 2016 WL 5870032, at *2 (D. Md. Oct. 7, 2016) (finding a fair and reasonable settlement where the parties agreed to settle before the end of the discovery period and had already undertaken "some formal discovery . . .").

As to factor two, both parties stipulate that the legal and factual disputes at issue in this matter would likely have forced the case through "expensive and lengthy" litigation, ultimately culminating in a trial. ECF No. 17-1, at 5. Plaintiff's counsel has already accumulated over $17,000 in attorneys' fees, *id.* at 7, a number that will only grow significantly if litigation were to proceed. *See Fonseka v. Alfredhouse Eldercare, Inc.*, No. GJH-14-3498, 2015 WL 3863068, at *3 (D. Md. June 19, 2015) (finding a fair and reasonable settlement where "significant expenses would be incurred if the parties engaged in formal discovery, dispositive motions, and possibly trial."). The complexity of the case likewise points toward approval of the settlement, as a determination will need to be made not only of Defendants' liability, but also of the amount owed to Plaintiff if such liability is found. As the parties agree, the case is complicated by the "quality, quantity, and credibility of testimony and documentation regarding [Plaintiff's] work hours, work schedules, wage payments, and off-the-clock hours for overtime purposes." ECF No. 17-1, at 4.

The third factor revolves around fraud and collusion. The facts and evidence before me display no showing of fraud or collusion, and thus, I "presum[e] that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955,

at *12. In addition, the parties engaged in settlement negotiations with U.S. Magistrate Judge Timothy Sullivan and agreed upon these terms. Judge Sullivan's presence further supports the determination that fraud and collusion were absent in the formulation of this Settlement Agreement. *See Fonseka*, 2015 WL 3863068, at *3 (finding lack of fraud and collusion where the parties reached settlement after mediation in front of a judge).

Regarding factor four, Plaintiff's counsel represents that she has almost thirty years of experience, most of which have been devoted to employment law including wage and hour and unpaid wage cases. ECF No. 17-1, at 3. *See Hackett v. ADF Rest. Investments*, 259 F.Supp.3d 360, 366 (D. Md. 2016) (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations). Thus, Plaintiff's counsel is well-versed in the matters at hand and has the experience with which to advise her client on settlement.

The opinions of counsel, contemplated by factor five, are clearly asserted in this matter. Counsel for both Plaintiff and Defendants state in their Joint Motion that this settlement is in the best interests of their clients. ECF No. 17-1, at 5. Pursuant to the terms of the Settlement Agreement, Plaintiff will receive $5,911.67, which represents 100% of his unpaid wages, the full amount of liquidated damages, plus an additional amount ($921.67) to compensate him for a general release of claims against Defendants. ECF No. 17-1, at 2. Counsel for Plaintiff notes that it has litigated several other similar matters and is aware of the dangers of pursuing any additional relief given the small amount it would be, the risks associated with obtaining it, and the costs which would be required. *Id*. at 5.

Finally, factor six contemplates the probability of Plaintiff's success on the merits and the amount of settlement in relation to potential recovery. Plaintiff's success on the merits depends on a resolution in his favor as to the *bona fide* dispute as to whether Defendants were his

"employers", and the amount of pay he is entitled to following such a determination. Pursuant to the settlement, Plaintiff will receive approximately $5,000 in unpaid wages. While this figure represents overtime pay for fifteen weeks, as opposed to his original demand of twenty-six weeks, Plaintiff revised his demand after the parties exchanged informal discovery. Based on these considerations, the amount of the settlement in relation to the potential recovery is fair and reasonable.

The Settlement Agreement contains a general release of claims that exceed those specified in the Complaint. Such a release can render the Settlement Agreement unreasonable. *Duprey*, 30 F.Supp.3d at 410 (referencing *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010)). However, so long as the "employee is compensated reasonably for the release executed, the settlement can be accepted" and I do not need to consider the "reasonableness of the settlement as to the non-FLSA claims." *Id*. As noted above, the Settlement provides Plaintiff the full amount of his lost wages, plus liquidated damages, as well as an additional amount to account for the general release.

Taking all the aforementioned factors into account, I recommend that the Court find that the Settlement Agreement is fair and reasonable.

### C. The Settlement Agreement Awards Reasonable Attorneys' Fees.

The Settlement Agreement must also contain reasonable provisions regarding attorneys' fees. *Id.* at 411. Here, the parties have decided upon an allocation of $15,008.33 in attorneys' fees.

According to the Joint Motion, Plaintiff's counsel has expended 50.8 hours "investigating Plaintiff's claims, researching the Defendants before filing suit, drafting the Complaint, calculating Plaintiff's damages, preparing for the Rule 16 conference, conferring with and advising Plaintiff

about the case, including settlement, engaging in lengthy settlement negotiations with Defendants, reviewing time records produced by Defendants, editing the settlement agreement and drafting th[e] joint motion." ECF No. 17-1, at 7-8. Plaintiff's counsel seeks to recover rates ranging between $350 and $625 dollars per hour, which it attests are the rates it normally charges fee-paying clients. *Id*. at 7. An hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984)). This Court maintains guidelines regarding hourly rates in Appendix B to its Local Rules (D. Md. Jul. 2021). Although the rates requested are slightly higher than those recommended by this Court's Local Rules, the amounts are on par with the amounts that counsel has recovered in settlements of similar cases. ECF No. 17-1, at 8. Additionally, although counsel's lodestar, applying such rates, is in excess of $17,000, counsel has agreed to accept approximately $15,000 in fees. *Id*. at 7. This reduced amount accounts for, among other things, the difference between the rates charged by counsel and the Court's recommended rates.

Accordingly, I recommend that the Court find that the Settlement Agreement awards reasonable attorney's fees.

## CONCLUSION

For the reasons stated above, I recommend that the Joint Motion for Judicial Approval of Settlement be granted and this case be dismissed with prejudice.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the parties. Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

Date: December 29, 2022                                  _____/s/_____
                                                         Ajmel A. Quereshi
                                                         United States Magistrate Judge